By the Court.*—Miller, P. J.
The relator’s claim against the county of Delaware, to enforce the payment of which he invokes the remedy of a mandamus, appears to be equitable and just, and would seem to have been a demand which might properly and fairly have been audited by the board of supervisors. But as they have refused to allow it, and as it was not presented in a shape from which it can be determined on its face that the demand was a lawful charge against the county, it is difficult to see how this court can make a peremptory order that the bill be audited and paid as presented. There are no items before us, or statements in the papers which show what specific charges in the way of items were presented to the board of supervisors.
Not only was the account not presented by items as the law requires, but there is nothing to show what the items were.
The claim made, that it was fixed and liquidated by the board on a prior occasion, does not obviate the difficulty in aEowing a mandamus for a demand which the court cannot see is unquestionably lawful as well as just. An account of items is not furnished from which It is apparent what specific charges are made in the account; and even if the report of the relator showed a detailed statement, no such statement was presented in the form of an account, duly verified, according to law. The report of the commissioners or of the relator cannot, I think, be considered as a presentation of a claim against the county according to law.
It does not distinctly appear upon what ground this claim was rejected. While it would be eminently just to the relator, for the board to advise him of the alleged defect, and furnish him an opportunity to remedy the difficulty if he coidd do so, yet, as the case stands, I *420 cannot but regard the action of the board as a judicial act, which we cannot review, and with which we are not at liberty to interfere.
The order of the special term, therefore, must be affirmed, with ten dollars cost of appeal.

Present—Miller, Potter, and Parker, JJ.